## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DEREK KIBODEAUX, ET AL**                    **CIVIL ACTION**

**VERSUS**                                    **NO:    16-17994**

**TRANSOCEAN OFFSHORE USA, INC.**             **SECTION: "A" (4)**

### ORDER AND REASONS

Before the Court is **Motion to Compel Plaintiffs' Responses to Interrogatories and Requests for Production of Documents (R. Doc. 16)** filed by the Defendant, Transocean RIGP DDC, L.L.C.. ("Transocean") seeking an order from the Court to compel the Plaintiffs, Derek and Dawn Kibodeaux ("Plaintiffs"), to respond to the Interrogatories and Requests for Production of Documents propounded on May 11, 2017. The motion was not opposed.    The motion was submitted on July 26, 2017. For the following reasons, the motion to compel is **GRANTED.**

I.    **Background**

This maritime action was filed in the District Court on December 30, 2016. R. Doc. 1. The Plaintiffs allege that on October 19, 2016 Plaintiff Derek Kibodeaux was working aboard the MODU Development Driller III, owned by Defendant Transocean. As Mr. Kibodeaux and two Transocean employees were attempting to move a backpacker compensator control unit, the Mr. Kibodeaux fell and the unit fell on top of him. R. Doc. 5, p. 2.  The Plaintiffs allege that as a result he suffered severe and permanent injuries and has been recommended to undergo neck surgery. *Id.* at p. 3. Furthermore, the Plaintiffs allege that he is now disabled and will not be capable of returning to his offshore job. As a result, Mr. Kibodeaux filed this suit seeking damages for the negligence of the Defendant, including past, present, and future physical pain and suffering; past, present, and future mental anguish and emotional distress; past, present, and future medical

expenses; permanent disability; disfigurement; lost wages and loss of earning capacity; loss of enjoyment of life; and, additional damages which may be shown at trial. Ms. Kibodeaux has also filed a claim for her loss of consortium with her husband. *Id.* at p. 4.

At this time, Transocean has filed a motion to compel the Plaintiffs' responses to its interrogatories and requests for production of documents. R. Doc. 16. Transocean originally propounded the requests on the Plaintiffs on May 11, 2017. R. Doc. 16-1, p. 1. When the Plaintiffs failed to respond, Transocean conferred with them and agreed to extend the time to respond to June 26, 2017. *Id.* At this time, the Plaintiffs have yet to respond to the discovery requests. As such, Transocean filed the instant motion to compel responses as well as for reasonable attorneys fees and costs associated with bringing the instant motion. *Id.* at p. 2.

## II.   **Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an

interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

Note, if the motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id*.

III.    **Analysis**

For the instant motions to compel, Transocean has alleged that the Plaintiffs have failed to properly respond to its requests for production of documents. Transocean has provided the proper certification for the motion to compel under Rule 37(a). R. Doc. 16-4. At this time, the Plaintiffs have not yet responded to the discovery requests and have not opposed the instant motion to compel. As such, Transocean has properly filed a motion to compel under Federal Rule of Civil Procedure 37(a)(3)(b) (iv). Therefore, the Court grants Transocean's motion to compel.

Moreover, because the motion to compel will be been granted, the Court may impose reasonable expenses in making the instant motion to compel on the Plaintiffs as Transocean has requested. Fed. R. Civ. P. 37(a)(5)(A). Because the Plaintiffs have failed to oppose the instant motion, there is no evidence of substantial justification for failing to respond nor is there any

evidence of circumstances that would make the imposition of costs unjust. As such, the Court will award reasonable expenses in making the instant motion to compel to Transocean.

## IV.    Conclusion

**IT IS ORDERED** that the Defendant's **Motion to Compel Plaintiffs' Responses to Interrogatories and Requests for Production of Documents (R. Doc. 16)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant is awarded attorneys' fees and costs in connection with the Motion to Compel Plaintiffs' Responses to Interrogatories and Requests for Production of Documents (R. Doc. 16).

**IT IS FURTHER ORDERED** that the Defendant shall file a motion to fix attorney fees into the record by **August 1, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **August 8, 2017**. The motion shall be set for hearing on **August 16, 2017,** to be heard without oral argument.

New Orleans, Louisiana, this 27th day of July 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**